IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-126-BO

| | | |
|---|---|---|
| JUSTIN HUNTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 13, 15]. A hearing was held in Elizabeth City, North Carolina, on April 12, 2016. For the reasons detailed below, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits in November 2011. [Tr. 10]. Plaintiff alleges an onset date of February 3, 2009. *Id.* His claim was denied initially and upon reconsideration. *Id.* A video hearing was held before an Administrative Law Judge (ALJ) on September 27, 2013. *Id.* The ALJ issued an unfavorable decision for plaintiff on January 16, 2014. [Tr. 10–21]. The Appeals Council denied plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner, on April 14, 2015. [Tr. 1]. Mr. Hunter then sought review in this Court. [DE 1].

On his date last insured, plaintiff was 34 years old; he is now 38. [Tr. 20]. Plaintiff has a high school education and a prior career in the military as a combat engineer, as well as past relevant work as a security guard. [Tr. 20]. Plaintiff has a history of post-traumatic stress disorder (PTSD), sleep apnea, obesity, and depression. [Tr. 12].

Plaintiff, a former service member, has a service connected disability rating from the Department of Veterans' Affairs (VA) of 100%. [Tr. 460, 464]. The VA has determined that plaintiff's PTSD and major depressive disorder have rendered him "unable to secure or follow a substantially gainful occupation." [DE 464].

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

2

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since February 3, 2009. [Tr. 12]. Next, the ALJ determined that plaintiff's history of PTSD, sleep apnea, obesity, and depression were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. *Id.* At step four, the ALJ found that plaintiff was capable of performing a full range of work at all exertional levels but with nonexertional limitations to avoid hazardous machinery, perform simple, routine, repetitive tasks, and have only occasional contact with co-workers and the general public. [Tr. 14]. Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 19–20]. A vocational expert testified that these jobs would include employment as a hand packager, classifier/laundry sorter, and administrative support/addressor. [Tr. 21]. Accordingly, the ALJ found that plaintiff was not disabled at any time between his alleged onset date and date last insured. [Tr. 21]. Plaintiff now seeks review of the ALJ's determination that he is not disabled.

Plaintiff alleged on brief and at the hearing that the ALJ erred by improperly evaluating the disability rating determined by the VA. [DE 14]. As a foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA. SSR 06-03p. However, the Fourth Circuit has noted that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability" and, thus, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of SSA*, 699, F.3d 337, 343 (4th Cir. 2012). The ALJ is relieved from this only when "the record before the ALJ clearly demonstrates that such a

3

deviation is appropriate." *Id.* Finally, the ALJ is required to "explain the consideration given" to a disability rating from another governmental agency, such as the VA. SSR 06-03p.

The record demonstrates that the VA determined plaintiff's disability rating to be 100% due to his PTSD and major depressive disorder. [Tr. 464]. The ALJ afforded this determination only "partial weight" in his finding that plaintiff was not disabled—notably less than the "substantial weight" required by *Bird*. [Tr. 16]; *Bird*, 699 F.3d at 343. The ALJ afforded only partial weight because, he argues, "the evidence of record did not support the VA's determination that claimant's impairments precluded him from engaging in substantial gainful activities." [Tr. 16]. The Court finds that this conclusion was not supported by substantial evidence and was in error.

First, the Court has considered the language of the VA decision and finds it compelling. The VA decision reported that: "Examiner estimated [plaintiff's] Global Assessment of Functioning (GAF) score at 45, indicative of serious impairment in social functioning." [Tr. 464]. The report went on to state that plaintiff was "totally impaired in occupational and social functioning based on [his] inability to concentrate effectively," observing that plaintiff is "very easily frustrated, extremely irritable with outbursts of anger and violence toward objects, and socially isolated." *Id.* The report includes a reference to ongoing records indicating that plaintiff was suffering "increased symptoms of anxiety, feelings of being overwhelmed, and that [plaintiff was] not fulfilling the expectations of [his] family." *Id.* Though the report noted that the assigned evaluation could change, plaintiff was given a 100% disability rating due to his service connected disability/disabilities. [Tr. 460].

The ALJ provided some reasons for his decision, but the Court finds that these reasons were far from the clear demonstration required to give less than substantial weight to a VA

4

disability rating. First, the ALJ stated that plaintiff was "alert and oriented," "cooperative and compliant" in group therapy settings. [Tr. 17]. However, the Court questions the relevance that displaying these qualities on occasion has to PTSD. As counsel argued on brief and at the hearing, alertness and orientation is a matter of knowing who and where you are. This awareness is not mutually exclusive with a diagnosis of PTSD, nor is the ability to be cooperative and compliant at times. For these reasons, the Court is not persuaded by this finding.

The ALJ also stated that "claimant's overall dependence level was low." [Tr. 17]. Put simply, this conclusion mischaracterizes the facts of this case. As the ALJ notes, plaintiff was able to complete some activities of daily living without assistance but that he required minimal to maximal assistance with other activities such as planning/organizing, negotiating safety risks, sleep regulation, recent memory, and self regulation of moods/agitation/aggression. [Tr. 248–50]. Moreover, the fact that the VA funded a full-time caretaker to assist plaintiff with matters ranging from bathing/eating/dressing/toileting to preventing plaintiff from harming himself or others also speaks strongly to the level of disability. [Tr. 218]. Finally, plaintiff's caregiver was actually scored on multiple occasions to have a high burden in caring for plaintiff. [Tr. 319, 344, 372]. For all these reasons, the Court finds that the record—and thus, the substantial evidence— does not clearly demonstrate that plaintiff's overall dependence level was low.

Finally, the ALJ also stated that plaintiff's "mental status examinations were generally unremarkable." [Tr. 18]. The Court notes that the ALJ concluded this despite also noting that plaintiff's symptoms included:

> problems with memory, anxiousness at times, feeling depressed at times, difficulty with concentration, auditory and visual hallucinations at times, confusion at times, agitation, anger, social isolation, feeling overwhelmed, poor sleep with cold sweats, decreased motivation and energy, nightmares, flashbacks, increased muscle tension, and at times, he had vague suicidal and homicidal ideations with no current intent or plan, and sleep problems.

5

[Tr. 17–18]. Examination of the record confirms this list of multiple, serious mental symptoms. The Court is unwilling to find, as the ALJ did, that the mental status examinations revealing all the aforementioned issues could be characterized as "generally unremarkable" because they also concluded that plaintiff was "alert and oriented, that his speech was normal, that he was cognitively intact, that he was cooperative and compliant, and that his thought process was normal." [Tr. 18]. Being compliant and cooperative does not provide a clear demonstration that deviating from the VA 100% disability rating is necessary. Accordingly, the Court finds that the record does not support that plaintiff's mental state was generally unremarkable; instead, the Court finds that the substantial evidence indicates a myriad of serious mental issues in plaintiff.

Though the ALJ is not bound by the VA disability rating, the Court finds here, for all the reasons discussed above and contained in the record, that there was insufficient evidence to justify deviation from the VA rating and that the substantial evidence supports a finding that plaintiff was disabled. The ALJ's decision was in error and merits reversal.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 13] is GRANTED, defendant's motion for judgment on the pleadings [DE 15] is DENIED. The decision of the Commissioner is REVERSED, and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this **24** day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:15-cv-00126-BO   Document 21   Filed 05/03/16   Page 6 of 6